1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7      MARCEL E. CHAPMAN,                        Case No. 21-cv-09038-HSG

8                      Plaintiff,                **ORDER OF DISMISSAL WITH LEAVE
                                                 TO AMEND; DENYING LEAVE TO
9             v.                                 FILE SUPPLEMENTAL COMPLAINT**

10     SAN MATEO COUNTY, et al.,                 Re: Dkt. Nos. 5, 9

11                     Defendants.

12

13          Plaintiff, an inmate at Maguire Correctional Facility has filed a *pro se* action pursuant to

14     42 U.S.C. § 1983.  His complaint (No. 1) is now before the Court for review under 28 U.S.C.

15     § 1915A.  Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

16                                        **DISCUSSION**

17     **A.     Standard of Review**

18          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

19     redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

20     § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

21     that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

22     monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

23     (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

24     989, 993 (9th Cir. 2020).

25          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26     claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

27     necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

28     grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

6    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7    violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

8    U.S. 42, 48 (1988).

9    **B.     Complaint**

10        The complaint names as defendants Sheriff Carlos Bolanos, assistant sheriff John W.

11   Munsey, undersheriff Mark C. Robbins, administrative lieutenant John Kovach, sergeant

12   Richardson, correctional officer Shwiri Robinson, and the San Mateo County Sheriff's

13   Department.  The complaint makes the following allegations.  First, the complaint alleges that,

14   starting in March 2021, due to unidentified inmates receiving a 13 film strip of suboxone through

15   the mail, Defendants no longer allow inmates housed at Maguire Correctional Facility to receive

16   handwritten mail, in violation of the First Amendment.  Second, the complaint alleges that

17   Maguire Correctional Facility inmates are denied access to the courts because they are prohibited

18   from purchasing or possessing ink pens, pencil eraser, single eraser, legal folders, and legal paper

19   bonders.  Third, the complaint alleges that Defendants have been deliberately indifferent to the

20   serious medical needs of Plaintiff and other inmates when they require inmates to remove their

21   footwear, including special footwear authorized by medical chronos, during transport to court

22   hearings or when travelling through the custody hallway facility to the medical clinic.

23        The complaint will be dismissed with leave to amend because the complaint violates the

24   joinder requirements set forth in Fed. R. Civ. P. 20(a)(2).  Fed R. Civ. P. 20(a)(2) provides that all

25   persons "may be joined in one action as defendants if: (A) any right to relief is asserted against

26   them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

27   occurrence, or series of transactions or occurrences; and (B) any question of law or fact common

28   to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The upshot of these rules is

United States District Court
Northern District of California

1    that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not

2    be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th

3    Cir. 2007).  Plaintiff challenges the policy disallowing receipt of handwritten mail, the policy

4    disallowing purchase or personal possession of ink pens, pencil eraser, single eraser, legal folders,

5    and legal paper bonders, and the policy requiring removal of medically authorized footwear during

6    certain transports.  These policies are distinct and do not arise out of the same transaction,

7    occurrence, or series of transactions or allegations.  The claims arise out of different questions of

8    fact and different questions of law (First Amendment right to mail, First Amendment right to

9    access the courts, Eighth Amendment prohibition on deliberate indifference to serious medical

10   needs).  Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder

11   requirements.  He should only pursue the acts that arise out of the same transaction, occurrence, or

12   series of transactions or occurrences, and share a common question of law or fact.  To seek relief

13   for claims arising out of other incidents or raising different questions of law, Plaintiff must bring

14   separate actions.

15          To assist Plaintiff in preparing an amended complaint, the Court reviews the following

16   legal principles.

17          **First Amendment Right to Receive Mail.**  Prisoners enjoy a First Amendment right to

18   send and receive mail.  *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh*

19   *v. Abbott*, 490 U.S. 401, 407 (1989)).  A prison, however, may adopt regulations or practices

20   which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably

21   related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

22          **Right of Access to  the Courts.**  Prisoners have a constitutional right of access to the

23   courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

24   To establish a claim for any violation of the right of access to the courts, the prisoner must prove

25   that there was an inadequacy in the prison's legal access program that caused him an actual injury.

26   *See Lewis*, 518 U.S. at 349-51.  To prove an actual injury, the prisoner must show that the

27   inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

28   concerning his conviction or conditions of confinement.  *See id.* at 351, 354-55.  While the

3

United States District Court
Northern District of California

1   Constitution does not require any particular number of pens or sheets of paper, it does require

2   some. *See Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir. 1991).  To state a First Amendment

3   access to the courts claim, there must be a plausible allegation that the denial of the materials

4   denied the prisoner the ability to perfect and pursue legal action, i.e., actual injury to court access.

5   *See id.* at 1509 n.2.  If Plaintiff pursues an access to the courts claim based on the inability to

6   purchase and possess ink pens, pencil eraser, single eraser, legal folders, and legal paper bonders,

7   Plaintiff must plausibly allege that the restriction caused him an actual injury and identify what

8   non-frivolous claim he was hindered in pursuing.  *See Lewis*, 518 U.S. at 351.

9      **Eighth Amendment Medical Needs Claim**.  Deliberate indifference to a prisoner's

10   serious medical needs violates the Eighth Amendment's proscription against cruel and unusual

11   punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050,

12   1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*,

13   104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference"

14   involves an examination of two elements: the seriousness of the prisoner's medical need and the

15   nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.  A "serious"

16   medical need exists if the failure to treat a prisoner's condition could result in further significant

17   injury or the "unnecessary and wanton infliction of pain."  *McGuckin*, 974 F.2d at 1059 (citing

18   *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner

19   faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps

20   to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be

21   aware of facts from which the inference could be drawn that a substantial risk of serious harm

22   exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of

23   the risk, but was not, then the official has not violated the Eighth Amendment, no matter how

24   severe the risk.  *Gibson*, 290 F.3d at 1188.  If pursuing an Eighth Amendment claim about the

25   requirement that medically authorized footwear be removed during transport, Plaintiff should

26   plausibly allege how the removal during transport resulted in a serious medical need.

27      **Equal Protection Claim.**  "The Equal Protection Clause of the Fourteenth Amendment

28   commands that no State shall 'deny to any person within its jurisdiction the equal protection of the

4

1    laws,' which is essentially a direction that all persons similarly situated should be treated alike."

2    *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457

3    U.S. 202, 216 (1982)).  A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983

4    based on race or other suspect classification must plead intentional unlawful discrimination or

5    allege facts that are at least susceptible of an inference of discriminatory intent.  *Monteiro v.*

6    *Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).  To state a claim for relief,

7    the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's

8    membership in a protected class.  *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013);

9    *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).  If pursuing an equal protection

10   claim, Plaintiff should plausibly allege facts that are at least susceptible of an inference of

11   discriminatory intent.

12       **Standing.**  Plaintiff alleges that Defendants are violating the rights of all inmates housed at

13   Maguire Correctional Facility.  Plaintiff lacks standing to bring suit to complain about the

14   deprivations of the constitutional rights of others.  *See Powers v. Ohio*, 499 U.S. 400, 410 (1991);

15   *Estate of McKinney*, 71 F.3d at 782 n.4.  Constitutional claims are personal and cannot be asserted

16   vicariously.  *See, e.g., Conn v. Gabbert*, 526 U.S. 286, 290-91 (1999) (attorney had no standing to

17   assert § 1983 claim that prosecutor's action interfered with his client's alleged right to have him

18   outside the grand jury room); *United States v. Ayon-Meza*, 177 F.3d 1130, 1133 (9th Cir. 1999)

19   (one cannot vicariously assert the Fourth Amendment rights of another).  To the extent that

20   Plaintiff seeks to bring a class action, the Court cautions that, generally speaking, *pro se* prisoner

21   plaintiffs are not adequate class representatives able to fairly represent and adequately protect the

22   interests of the class, *see Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also*

23   *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona

24   has no authority to represent anyone other than himself"), and class certification may be denied on

25   that basis, *see Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class

26   certification on basis that pro se prisoner cannot adequately represent class).

27       **Defendants.**  In naming defendants, Plaintiff must name the individuals who directly

28   violated his constitutional rights.  There is no respondeat superior liability under § 1983, i.e.,

United States District Court
Northern District of California

5

1   liability solely because a defendant is a supervisor or otherwise responsible for the actions or

2   omissions of another.  *See Mortimer v. Baca*, 594 F.3d 714, 721 (9th Cir. 2010).  A supervisor

3   may be liable under section 1983 only upon a showing of (1) personal involvement in the

4   constitutional deprivation, *Rico v. Ducart*, 980 F.3d 1292, 1303 (9th Cir. 2020); or (2) a sufficient

5   causal connection between the supervisor's wrongful conduct and the constitutional violation, i.e.

6   if the supervisor knew of the violation and failed to act to prevent it, *Rico*, 980 F.3d at 1303, or the

7   supervisor engaged in culpable action or inaction in the training, supervision, or control of his

8   subordinates, *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018), or the

9   supervisor engaged in conduct that showed a reckless or callous indifference to the rights of

10   others, *id.*; or (3) if the supervisor implemented "a policy so deficient that the policy itself is a

11   repudiation of constitutional rights and is the moving force of the constitutional violation,"

12   *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991).  If Plaintiff is seeking to

13   hold the San Mateo County Sheriff's Department liable for constitutional violations, he is alleging

14   a municipal liability claim against San Mateo County, and the proper defendant for Plaintiff's

15   municipal liability claim would be San Mateo County itself.  *Cf. Vance v. County of Santa Clara*,

16   928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing Santa Clara County Department of

17   Corrections from § 1983 action and noting that "[t]he County is a proper defendant in a § 1983

18   claim, an agency of the County is not"); *Stump v. Gates*, 777 F.Supp. 808, 816 (D. Colo. 1991)

19   (noting that, "although some courts have overlooked it, naming a municipal department as a

20   defendant is not an appropriate means of pleading a § 1983 action against a municipality").  To

21   state a cognizable municipal liability claim against San Mateo County, Plaintiff is advised as to

22   the following.  "Under *Monell [v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)], municipalities are

23   subject to damages under § 1983 in three situations: when the Plaintiff was injured pursuant to an

24   expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final

25   policymaker.'"  *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013).  In order to

26   hold the municipality liable, the policy, practice, or custom must be the "moving force behind a

27   violation of constitutional rights."  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.

28   2011).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    **Potential Co-Plaintiff.**  Plaintiff has alleged that Sirvontre Ingram also seeks to proceed as

2    a co-plaintiff in this action.  Dkt. No. 1 at 2.  Mr. Ingram has not indicated that he wishes to join in

3    this action.  Regardless, the Court is not inclined to allow Mr. Ingram to join this action as a co-

4    plaintiff.  The use of co-plaintiffs presents a procedural problem unique to prisoner litigation.  The

5    main problem with having unrepresented inmates proceeding as co-plaintiffs is that inmates lack

6    control over their ability to access each other to prepare documents and prosecute a case.  Inmates

7    are frequently moved.  The plaintiffs may not have access to each other in the future to prepare

8    documents and to discuss the case.  Even inmates who initially are physically close to each other

9    often do not remain so for the months or years that it takes for a case to work its way through to

10    judgment.  Perhaps one plaintiff will be moved to a different facility or be released from custody

11    all of which will make their joint prosecution of this case inordinately more difficult.  The slow

12    pace of plaintiffs' communications with each other will result in extensive delays at each point in

13    the litigation where they are required to file anything with the court.  In addition, as *pro se*

14    plaintiffs, none of the plaintiffs have the authority to represent the others.  *See Russell v. United*

15    *States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to

16    represent anyone other than himself").  Thus, this case would be delayed as any potential filing

17    from the plaintiffs is shuttled back and forth between the plaintiffs until both are comfortable

18    signing it.  If Mr. Ingram wishes to pursue the claims in this action, he should file a separate

19    action.  The Clerk is directed to send Mr. Ingram two copies of the court's complaint form, along

20    with a copy of this order.

21    **C.    Supplemental Complaint**

22    Plaintiff has filed a supplemental complaint, an affidavit in support of the supplemental

23    complaint, and an additional supplemental complaint, Dkt. Nos. 5, 6, 9, which the Court construes

24    as a request for leave to file a supplemental complaint.  The Court DENIES this request.  Plaintiff

25    has been granted leave to file an amended complaint.  He should include in his amended complaint

26    all the claims he wishes to present and all of the defendants he wishes to sue, including the claims

27    in his supplemental complaint.  Plaintiff may not amend the complaint piecemeal, i.e., by filing

28    multiple pleadings at different times.  Rather, the amended complaint should name all the

1  defendants that Plaintiff wishes to sue and list all of Plaintiff's legal claims in **one** pleading.  The

2  Court will not piece together Plaintiff's claims and the named defendants from different pleadings.

3  **CONCLUSION**

4        For the foregoing reasons, the Court orders as follows.

5        1.       The Court DISMISSES the complaint with leave to amend.  Within twenty-eight

6  (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the

7  identified deficiencies.  The amended complaint must include the caption and civil case number

8  used in this order, Case No. C 21-09038 HSG (PR) and the words "AMENDED COMPLAINT"

9  on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the

10  form in order for the action to proceed.  An amended complaint completely replaces the previous

11  complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly,

12  Plaintiff must include in his amended complaint all the claims he wishes to present and all of the

13  defendants he wishes to sue, and may not incorporate material from the prior complaint by

14  reference.  Failure to file an amended complaint in accordance with this order in the time provided

15  will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include

16  two copies of the court's complaint form with a copy of this order to Plaintiff.  The Clerk shall

17  also send two copies of the court's complaint form and a copy of this order to Sirvontre Ingram,

18  #1236119, 1300 Maple Street, Redwood City CA 94063.

19        2.       The Court DENIES as moot Plaintiff's request to file a supplemental complaint.

20  Dkt. Nos. 5, 6, 9.  Plaintiff may raise all his claims in his amended complaint.

21        This order terminates Dkt. Nos. 5, 6, 9.

22        **IT IS SO ORDERED.**

23  Dated:  2/11/2022

24                                                      _____

25                                                      HAYWOOD S. GILLIAM, JR.
                                                        United States District Judge

26

27

28

8

*United States District Court*
*Northern District of California*