UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL E. CHAPMAN,<br>　　　　Plaintiff,<br>　v.<br>SGT. DOUG RICHARDSON,<br>　　　　Defendant. | Case No. 21-cv-09038-HSG<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 14) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Amended Complaint**

The amended complaint makes the following allegation. Doctor Spencer has authorized "medical issued shoes" for Plaintiff during his time in custody due to Plaintiff's broken toe and to prevent Plaintiff's foot from suffering further damage. On December 2, 2021, despite knowing about Dr. Spencer's order and knowing that Plaintiff would be in pain without the shoes, defendant Maguire Correctional Facility custody officer Richardson seized Plaintiff's medical footwear and has not returned the shoes to Plaintiff. Plaintiff is now forced to wear shower shoes when standing for extending periods of time, causing Plaintiff extreme pain and suffering. Defendant Richardson's actions violated the Eighth Amendment's prohibition on deliberate indifference to an inmate's serious medical needs. *See generally* Dkt. No. 14.

It appears from the face of the amended complaint that Plaintiff has not exhausted administrative remedies.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th

Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before prisoner sends complaint to court it will be dismissed even if exhaustion is completed by time complaint is actually filed). But a prisoner satisfies the exhaustion requirement as long as he exhausted his administrative remedies prior to filing an amended complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (new claims raised in amended complaint exhausted when exhausted prior to filing of amended complaint).

The instant action was filed on or about November 23, 2021. *See* Dkt. No. 1. The amended complaint was filed on or about February 24, 2022. *See* Dkt. No. 14. The alleged constitutional violation took place on December 2, 2021, after this action was filed and before the amended complaint was filed. Plaintiff does not report exhausting administrative remedies for his claim against defendant Richardson. *See* Dkt. No. 14 at 1. Where the complaint form asks why the claim was not presented for review through the grievance process, Plaintiff responded: "Eighth Amendment violation to a serious medical need. 'Deliberate indifference'." Dkt. No. 14 at 3.

Accordingly, within twenty-eight (28) days of the date of this order, Plaintiff is ordered to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons set forth above, the Court orders Plaintiff to show cause, within **twenty-eight (28) days** of the date of this order, why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. Failure to respond in the time provided will result in dismissal of this action without further notice to Plaintiff. The dismissal would be without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Dated: 3/1/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3