UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL E. CHAPMAN,<br>    Plaintiff,<br>    v.<br>SAN MATEO COUNTY,<br>    Defendant. | Case No. 21-cv-09038-HSG<br>**ORDER OF SERVICE** |

Plaintiff, an inmate at Maple Street Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (Dkt. No. 16) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Amended Complaint**

The amended complaint names only San Mateo County as a defendant.[1]  The amended complaint alleges that, on March 1, 2021, the San Mateo County Sheriff's Office stopped all incoming inmate mail to all San Mateo County correctional facilities because some inmates had smuggled in suboxone through the mail.  Due to this event, San Mateo County no longer allows inmates to receive handwritten letters.  Plaintiff alleges that this policy violates the First Amendment.  Plaintiff also alleges that his policy violates the Equal Protection Clause because inmates housed by other counties are able to receive mail. *See generally* Dkt. No. 16.

Liberally construed, the amended complaint states a cognizable First Amendment claim against San Mateo County.  Prisoners enjoy a First Amendment right to send and receive mail, and Plaintiff has alleged that this First Amendment right is being denied due to official policy set forth by San Mateo County. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)) (prison inmates have First Amendment right to send and receive mail); *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) ("Under *Monell [v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)], municipalities are subject to damages under § 1983 . . . when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'").

---

[1] The Clerk shall terminate all other defendants from this action because the amended complaint does not bring claims against them.

1    The amended complaint does not state a cognizable equal protection claim.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  The amended complaint's allegations do not support a reasonable inference that Plaintiff is "similarly situated" to inmates housed in correctional facilities in other counties.  As alleged, the inmate mail policy applied in San Mateo County was a response to a specific instance of contraband being smuggled into a San Mateo County correctional facility via postal mail, whereas it is unclear whether the inmate mail policy in other counties has faced similar contraband issues.  The equal protection claim is DISMISSED with leave to amend if Plaintiff can truthfully allege facts that would cure these deficiencies.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.    Liberally construed, the complaint states a cognizable First Amendment claim against defendant San Mateo County.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF No. 1), with all attachments thereto, and a copy of this order upon **defendant San Mateo County at 400 County Center, Redwood City, CA 94063.**  A courtesy copy of the amended complaint, along with any attachments (Dkt. No. 16), and this order shall also be mailed to the San Mateo County Counsel, at 400 County Center, Redwood City, CA 94063.

2.    The equal protection claim is DISMISSED with leave to amend.  If Plaintiff wishes to pursue his equal protection claim, he shall file a second amended complaint within **twenty-eight (28) days** of the date of this order correcting the deficiency identified above, if he can truthfully do so.  The second amended complaint must include the caption and civil case number used in this order, Case No. C 21-09038 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the

3

questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present, including the First Amendment claim found cognizable in this order, and all of the defendants he wishes to sue, including the defendant(s) ordered served above. Plaintiff may not incorporate material from the prior complaints by reference. Failure to file a second amended complaint in accordance with this order in the time provided will result in the amended complaint docketed at Dkt. No. 16 remaining the operative complaint, and this action will proceed solely on the First Amendment claim found cognizable above. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

3. Plaintiff has only named one defendant, San Mateo County, in the operative complaint (Dkt. No. 16). The Clerk shall terminate all other defendants from this action.

4. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the

---

[2] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1  motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment
2  provided later in this order as he prepares his opposition to any motion for summary judgment.
3              c.      Defendant shall file a reply brief no later than 14 days after the date the
4  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
5  hearing will be held on the motion.
6       5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the
7  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
8  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
9  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
10 any fact that would affect the result of your case, the party who asked for summary judgment is
11 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
12 makes a motion for summary judgment that is properly supported by declarations (or other sworn
13 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
14 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
15 as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
16 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
17 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
18 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*
19 *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does
20 not excuse Defendant's obligation to serve said notice again concurrently with a motion for
21 summary judgment.  *Woods*, 684 F.3d at 939).
22      6.      All communications by Plaintiff with the Court must be served on Defendant's
23 counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard
24 any document which a party files but fails to send a copy of to his opponent.  Until Defendant's
25 counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,
26 but once Defendant is represented by counsel, all documents must be mailed to counsel rather than
27 directly to Defendant.
28

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 4/11/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge