NC

United States District Court
Northern District of California

FILED
OCT 24 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

| | |
|---|---|
| Marcel E Chapman<br>  Plaintiff<br>V.<br>San Mateo County<br>  Defendant | Case No. 21-CV-09038-HSG<br><br>Plaintiffs' Opposition Motion for Summery Judgment, or in The alternative for Summary adjudication, Request for Jury trial |

Honorable Haywood S. Gilliam, Jr.

Memorandum of Points and Authority                     Pg 1 of 7

## I. Introduction

Plaintiff Marcel Chapman ("Plaintiff"), appearing in pro se, filed a civil rights complaint under 42 U.S.C. § 1983 against San Mateo County ("Defendant"). The Court engaged in a preliminary screening process pursuant to 28 U.S.C. § 1915A(a) and ordered the complaint to be served upon Defendant. (Ord. of Service, ECF No. 21.) Pursuant to the Court's Order of Service (id), Plaintiff hereby moves for a jury trial or judgment entered in favor of the Plaintiff. For the reasons set forth in this and all memorandum, and based on the evidence submitted, Defendant violated Plaintiff's First Amendment right to send and receive mail.

## II. Statement of Facts

Plaintiff, alleges in his amended complaint that on March 1, 2021, San Mateo County Sheriff's office ("Sheriff's office") prevented/stopped inmates from receiving any handwritten mail. (Am. Compl., ECF No. 16.) Plaintiff also alleges that the county implemented this policy after the sheriffs' office discovered that someone had attempted to smuggle in 13 strips of suboxone, an opioid, into a San Mateo County correctional facility via the mail. (Id.)

The Sheriff's office claims at no point in 2021 that a policy was implemented to prevent/stop inmates from receiving handwritten mail. (Declaration of Correctional Officer William Robinson ("Robinson Decl"), dated September 8, 2022, ¶ 2.) Mail sent to inmates in custody with the Sheriff's office was searched in accordance with the Sheriff's office's Corrections Division's Policy and Policy and Procedures Manual ("Policy and Procedures Manual") The Policy and Procedures Manual did not have a policy preventing

Pg 2 of 7

inmates from receiving all handwritten mail.

According to the Policy and Procedures Manual in place in 2021, all mail (except for legal mail) ("Regular Mail") addressed to inmates in custody in San Mateo County Correctional facilities was searched for contraband prior to being delivered to inmates. Regular mail was specifically searched for money orders, pornography, and any materials that could affect the security of the facilities. (Id.) Any Regular Mail that was determined to contain contraband or otherwise did not comply with the Policy and Procedures Manual was not delivered to inmates. (Id) Regular mail, handwritten or not, that was found to contain these types of material was marked with a "Return to Sender" notice and returned to the Sender explaining why the item was unacceptable under the sheriff's office's policies. (Id) A copy of the "Return to Sender" notice was also provided to the inmate to whom the mail was addressed. (Id) Individuals often attempt to smuggle illegal items, including narcotics, into correctional facilities by hiding contraband in mail addressed to inmates and these types of mailing are confiscated. Regular mail that was found to contain illegal items, including narcotics, or appeared to be related to criminal activity in the facility, was confiscated, placed in the sheriffs offices Property Room as evidence and not delivered to inmates.

Defendant, claims that Plaintiff is misinformed as to why the mail policy changed at the facilities in 2021, stating that the policy did not change due to the attempted smuggling of 13 film strips of Suboxone. I would like to submit to the fact the the reason

Pg 3 of 7

for the Policy change could of had many different factors weighed in the ultimant decision. does not negate the fact of the policy change for recieving mail. Defendants attempt to slander the plaintiffs' credibility by introducing a undecided criminal case is a obvious attempt to distract the courts of the Constitutional violation that has and continues to be commited by the defendants.

In additon, Defendant[s] still fail to acknowledge or admit to a new mail policy, and that they were and are still in compliance with its Policy and Procedures Manual. This is false See attached exhibit of the old Policy and Procedures Manual and also the new Policy and Procedures manual.

Defendant[s] also allege Plaintiff failed to fully exhaust the Grievance filed, this grievance was appealed to the second level and was never responded to. This prevented Plaintiff from moving to the next level also when Plaintiff inquired about the status of the appeal to the second level it was simply ignored or pushed off onto the next shift. Plaintiff then wrote request via the Jail tablets to speak with inmate classification and was never responded to. So out of fear of retaliation for attempting to remedy the Current Constitutional violation by exercising my grievance rights, Plaintiff then filed a 42 U.S.C. § 1983 claim in attempt to restore his Constitutional rights.

### III. ARGUMENT

A. Summary Judgment standard

Summary Judgment is proper and must be granted when the moving party is entitled to judgment as a matter of law because it has shown "that there is no genuine dispute as to any material fact"

Pg 4 of 7

Fed. R. Civ. Proc. 56(a). The Rule "mandates the entry of summary Judgment... against a party who fails to make a showing sufficing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).

A movant defendant only meets their burden durring summary Judgment either by disproving an essential element of the opposing party's case or showing that the nonmoving party lacks evidence to support an essential element for which the opposing party possesses a burden of persuasion at trial. Nissan Fire & Marines Ins. Co. Ltd v. Fritz Co., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

The County, Plaintiff's only named defendant, is liable in this action because Plaintiff clearly established that the County had a standing practice and custom that they had introduced depriving inmates of all handwritten mail while in County custody. Plaintiff also proved that "action pursuant to offical municipal policy" caused his injury Connick v. Thompson, 563 U.S. 51, 61 (2011); Monell v. Dep't of Soc. Servs. of city of New York, 436 U.S. 658, 691 (1978). Plaintiff must show (1) he had a constitutional right to receive handwritten mail, and was deprived of such right; (2) the county had a policy or "standing practice or custom;" (3) the County's policy amounted to deliberate indifference to his constitutional right; and (4) the County's policy "is the moving force behind the constitutional violation." Gordon v. Cnty. of Orange, 6 F.4th 961, 973 (9th Cir. 2021) (citations Removed). All factors and elements have been met and also proven in Plaintiff's claim. Therefor plaintiff is entitled to a jury trial and summary

Pg 5 of 7

should be denied and a jury trial should be set and held on the constitutional violation made against the Plaintiff, Due to the policy change that has been made all in the County in 2021 that is constantly and continually being denied in totality by the County of ever existing.

### IV. Exhaustion of legal Remedies

Plaintiff Marcel E Chapman Used the prisoner grievance procedure available at San Mateo County Correctional facility to try and solve the problem. On June 6, 2021 plaintiff Chapman presented the facts relating to this complaint. On June 6, 2021 Plaintiff Chapman was sent a response saying that the grievance had been denied. On June 7, 2021 he appealed the denial of the grievance and is still awaiting any type of response regaurding the issue.

The plaintiff no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant unless this court grants the declaratory and injunctive relief which plaintiff seeks.

### V. Prayer for Relief

Wherefore, plaintiff respectfully prays that this court enter judgment granting Plaintiff:

* A declaration that the acts and omissions discribed herein violated plaintiff Chapmans rights under the Constitution and laws of the United States.
* A preliminary and permanent injunction ordering the defendant, San Mateo County to allow inmates to physically

Pg 6 of 7

recieve handwritten letter from their comunity resources, and family and all other people LGBT programs that would like to contact any inmate within the San Mateo Correctional facility. And also stop the violation of every inmates' First Amendment Constitutional right to recieve handwritten mail.

- Compensatory damages in the amount of $1,000.00 for each month that Plaintiff was not allowed to enjoy recieving handwritten letters totaling at $18,000.00 and still counting untill rights are restored. Against each defendant, Jointly and Severally.
- Punitive damages in the amount of $250,000.00 against each defendant.
- A jury trial on all issues triable by jury.
- Plaintiff's costs in this suit.
- Any additional relief this Court deems just, proper, and equitable

Dated: 9-30-2022

Respectfully Submitted by:

x /s/ _____  Pro se, Plaintiff

Marcel E. Chapman #1225908
300 Bradford Street
Redwoodcity CA 94063

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe

pg 7of 7

them to be true. I certify under penalty of purjury that the foregoing is true and correct.

Executed at Redwoodcity California on ~~September~~, 30, 2022

*Marcel Chapman*
Marcel E Chapman