JOHN D. NIBBELIN, COUNTY COUNSEL (SBN 184603)
By: Ilana Parmer Mandelbaum, Deputy County Counsel (SBN 304858)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone:  (650) 363-4681
Facsimile:  (650) 363-4034
E-mail:  imandelbaum@smcgov.org

Attorneys for Defendant
SAN MATEO COUNTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL E. CHAPMAN, | Case No. 21-cv-09038-HSG |
| Plaintiff, | **DEFENDANT SAN MATEO COUNTY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION, REQUEST FOR JURY TRIAL** |
| vs. | |
| SAN MATEO COUNTY, | |
| Defendant | |
| | HONORABLE HAYWOOD S. GILLIAM, JR. |

## I. Introduction

The statements and arguments made in Plaintiff's opposition to Defendant's Motion for Summary Judgment are not persuasive. This case must be dismissed because Plaintiff has failed to exhaust administrative remedies; Plaintiff's statements to the contrary in his Opposition to Defendant's Motion for Summary Judgment contradict Plaintiff's allegations in his complaint. Additionally, or in the alternative, Defendant is entitled to summary judgment because Plaintiff still has not, and cannot, make a showing that he suffered a deprivation of his First Amendment rights. Even if he could make that showing, Plaintiff cannot show that the County's mail policy deprived Plaintiff of receiving mail in violation of his Constitutional rights.

## II. This case must be dismissed because Plaintiff failed to exhaust his administrative remedies

In his opposition, Plaintiff, in direct contradiction to what he alleged in his Complaint, states that he appealed the County's June 6, 2021 denial of his grievance regarding the mail on June 7, 2021, and that his appeal went unanswered. Plaintiff's complaint certifies that Plaintiff did not present the facts in his complaint for review through the grievance procedure. (Complaint, ECF No. 1). He further wrote "none" on the Complaint regarding any level of appeal, including informal, first formal, second formal, and third formal. (*Id*.) Plaintiff now contends that he did appeal the denial of his grievance, contradicting his Complaint, submitted under penalty of perjury, and without presenting any evidence to support the statement. Plaintiff has not exhausted his administrative remedies.

## III. Plaintiff has not alleged facts to show that he suffered a Constitutional violation

Plaintiff has still not shown that he was ever deprived of his First Amendment right to send and receive mail. To the extent that Plaintiff's complaint concerns Defendant's handling of Plaintiff's mail after Plaintiff was suspected to have smuggled suboxone into the Maguire Facility through the mail, Plaintiff has not shown that the County ever withheld mail from him other than mail that contained narcotics, which Jail rules forbid.

A prison may adopt regulations or practices that impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 79 (1987). Legitimate penological interests include "security, order, and rehabilitation." *Procunier v. Martinez*, 416 U.S. 396, 413 (1974). Importantly, the regulation need not

1  satisfy a "least restrictive means" test. *Witherow v. Paff*, 52 F. 3d 264, 265 (9th Cir. 1995), *quoting*
2  *Procunier v. Martinez* at 411-13.
3      Here, Defendant surmised that Plaintiff's complaint turned on Defendant's policy and practice of
4  withholding Plaintiff's piece of mail that contained narcotics and turning it over into evidence.  As
5  explained in Defendant's Motion for Summary Judgment (ECF No. 26), this practice is reasonably
6  related to legitimate penological interests of the safety, security, and order of the facility.  After Officer
7  Robinson discovered that Suboxone was hidden in the glue of an envelope addressed to Plaintiff's
8  cellmate, Robinson initiated an investigation into suspected smuggling of narcotics into the facility.
9  (Declaration of Correctional Officer William Robinson ("Robinson Decl."), ECF No. 26, Attachment No.
10 2, ¶ 8.)  During the course of that investigation, Robinson discovered that an envelope addressed to
11 Plaintiff also contained Suboxone (Robinson Decl. ¶ 9).  That envelope addressed to Plaintiff was thus
12 confiscated and delivered to the Property Room as evidence of a major rule violation and a potential
13 crime—attempting to bring a controlled substance into a correctional facility (Robinson Decl. ¶ 9, 11).
14 Confiscating mail that contains a controlled substance in violation of jail rules and of the law is a practice
15 that falls well within the bounds of "reasonably related to a legitimate penological interest."
16     To the extent that Plaintiff's complaint turns on Defendant's current mail policy, which has been
17 updated from what was in place at the time of the incident Plaintiff discussed in his Complaint, Plaintiff
18 has not made a showing that he has been deprived of the right to send or receive mail under this policy.
19 Plaintiff does not plead facts sufficient to show that Defendant ever deprived him of the ability to send or
20 receive mail.  If Plaintiff is claiming that he has a right to receive mail in the specific format of
21 "handwritten," that is a misstatement of Plaintiff's Constitutional right and is outside the scope of
22 Plaintiff's complaint.

**IV.  Plaintiff lacks standing to complain about deprivations of constitutional rights of others**

24     In support of Plaintiff's opposition, he submits a declaration from fellow inmate Anthony L.
25 Webb ("Webb Declaration").  Plaintiff appears, through his opposition, to be attempting to complain
26 about alleged deprivations of constitutional rights of others.  He lacks standing to do so. *See Powers v.*
27 *Ohio*, 499 U.S. 400, 410 (1991); *Estate of McKinney*, 71 F.3d at 782 n.4. Constitutional claims are
28 personal and cannot be asserted vicariously. See, e.g., *Conn v. Gabbert*, 526 U.S. 286, 290-91 (1999)

(attorney had no standing to assert § 1983 claim that prosecutor's action interfered with his client's alleged right to have him outside the grand jury room); *United States v. Ayon-Meza*, 177 F.3d 1130, 1133 (9th Cir. 1999) (one cannot vicariously assert the Fourth Amendment rights of another).  The Webb Declaration attempts to bring in allegations of Webb, not of Plaintiff, which are not at issue in this litigation.  Defendant thus is not responding here to the Webb Declaration.

## V. Conclusion

For the reasons stated in its Motion for Summary Judgment and for the foregoing reasons, Defendant respectfully requests that the Court grant its motion and dismiss Plaintiff's claims, with prejudice.

Dated:  November 1, 2022

Respectfully submitted,

JOHN D. NIBBELIN, COUNTY COUNSEL

By: _____
Ilana Parmer Mandelbaum, Deputy

Attorneys for Defendant
San Mateo County