1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    MARCEL E. CHAPMAN,                    Case No.  21-cv-09038-HSG

8                    Plaintiff,            **ORDER GRANTING DEFENDANT'S**
                                           **MOTION FOR SUMMARY**
9           v.                             **JUDGMENT**

10   SAN MATEO COUNTY,                      Re: Dkt. No. 26

11                   Defendant.

12

13          Plaintiff, an inmate housed at Maple Correctional Facility in Redwood City, California, has

14   filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that defendant San Mateo County

15   prohibits inmates from receiving handwritten mail in violation of the First Amendment.  Dkt. Nos.

16   16, 21.  Defendant San Mateo County has filed a motion for summary judgment.  Dkt. No. 26.

17   Plaintiff has filed an opposition, Dkt. No. 30, and defendant San Mateo County has filed a reply in

18   support of its summary judgment motion, Dkt. No. 33.  For the reasons set forth below, the Court

19   GRANTS defendant San Mateo County's motion for summary judgment.

20                                    **DISCUSSION**

21   **I.    Factual Background[1]**

22          **A.    Operative Complaint**

23          The operative complaint makes the following relevant allegations.

24          [O]n March 1, 2021, the San Mateo Sheriff County authorities stop[p]ed all inmate
            incoming mail postal services throughout all San Mateo Sheriffs County Correctional /
25          pretrial holdover facilities to all inmates in custody . . .

26          And as a proximate cause [of inmates trying to smuggle in 13 film strips of Suboxone
            through the custody mail postal system] the sheriff authorities of San Mateo shut down all
27

28   ───────────────────
     [1] The following facts are undisputed unless otherwise indicated.

United States District Court
Northern District of California

inmates in custody incoming handwritten mailed letters or any letters received via the postal mail service or the United States Postal Service this immediately effects ones First Amendment rights by not allowing any mail addressed to the facility for any inmate . . .

The Defendant continued and continues to violate Plaintiff rights to receive incoming mail from the United States Postal Services handwritten letters alleged from Plaintiff family members, friends, children, and other outside related business sources and hereby the Defendants continue to obstruct prevent and return Plaintiff mail received from the United States Postal Services back to the community mails sender there in violation of and to Plaintiffs First Amendment constitutional rights to the United States Constitution.

Dkt. No. 16 at 3-4.  The Court screened the complaint and found that the operative complaint's allegation that San Mateo County prohibited inmates from receiving handwritten letters stated a cognizable First Amendment violation.  *See generally* Dkt. No. 21.

## B.      San Mateo County Mail Policies

The San Mateo County Sheriff's Office's Corrections Division's Policy and Procedures Manual ("Manual") sets forth San Mateo County's policies for sorting and distribution of mail to and from inmates at San Mateo Correctional Facilities.  Dkt. No. 26-2 at 6-8 ("Manual).  During the relevant time period, the following policies were in effect.

Pursuant to the Manual, "Regular Mail", which is defined as all incoming mail except legal mail, is screened for contraband prior to being delivered to inmates.  Manual, Sec. III.A.  Individuals often attempt to smuggle illegal items, including narcotics, into correctional facilities by hiding contraband in mail addressed to inmates, sometimes hiding the narcotic beneath glued surfaces, such as an envelope's seal.  Dkt. No. 26-2 at 1-4 ("Robinson Decl."), ¶ 6.  Narcotics are considered contraband and a threat to prison security because an inmate may consume drugs and be under the influence, which presents a health and safety threat; because inmates may purchase drugs and find themselves unable to pay for them, placing them in danger by being in a drug debt to other inmates; and because drugs are illegal.  Robinson Decl., ¶ 6.  Regular Mail is specifically searched for money orders, pornography, literature that promotes gang activity, violence, hatred or racism, and any materials that could affect the security of the facilities, which includes stamps, envelopes, paperclips, metal fasteners, and any type of adhesive sticker.  Manual, Sec. III.A.  If Regular Mail is determined to contain contraband, or appears to be related to criminal activity in the jail, or otherwise does not comply with the Manual, the Regular Mail is confiscated, placed in the Sheriff's Office's Property Room as evidence, and not delivered to the inmate.  *Id.*; Robinson

2

Decl., ¶ 5.  The inmate is provided a "Return to Sender" notice that explains why the item was unacceptable.  *Id.*  The inmate is not always informed that his or her mail has been confiscated in the property room.  Robinson Decl., ¶ 5.  There is no policy prohibiting inmates from receiving handwritten mail.  Robinson Decl., ¶ 5.

In January 2021, San Mateo County adopted a policy under which senders send inmate mail to a P.O. Box, and the incoming mail is scanned and made available to the inmate in electronic format, accessible via a tablet and the Smart Jail Mail app.  Dkt. No. 32 at 2.

## C.     Relevant Events

On February 3, 2021, while sorting through inmates' Regular Mail, correctional officer Robinson discovered an envelope addressed to Plaintiff's cellmate that had wrinkles near the envelope's seal.  Robinson Decl., ¶ 8.  Officer Robinson opened the mail and found 13 film strips of Suboxone under the envelope's seal.  Robinson Decl., ¶ 8.  Suboxone is a narcotic that contains an opioid.  Robinson Decl., ¶ 8.  Suboxone is only available by prescription and considered contraband pursuant to the Manual.  Robinson Decl., ¶ 8.  Officer Robinson observed another manila envelope addressed to Plaintiff that had similar writing as the manila envelope that contained Suboxone.  Robinson Decl., ¶ 9.  Based on his training and experience, Officer Robinson suspected that this envelope was linked to the envelope containing Suboxone.  Robinson Decl., ¶ 9.  Officer Robinson opened the envelope to search for contraband but did not find any.  Robinson Decl., ¶ 9.  Based on his suspicion that the two envelopes were linked, Officer Robinson confiscated both envelopes and placed them in the Property Room as evidence.  Robinson Decl., ¶ 9.  Officer Robinson's investigation into the two envelopes revealed that they had been sent by the same individual and were part of a scheme to smuggle Suboxone into Maguire Correctional Facility.  Robinson Decl., ¶ 10.  As a result of Officer Robinson's investigation into the Suboxone, Plaintiff was found guilty of a major rule violation and was assessed a punishment of fourteen days in C-Side, and is facing criminal charges in San Mateo County Superior Court for attempting to bring a controlled substance into Maguire Correctional Facility.  Robinson Decl., ¶ 11.  Outside of these two envelopes, Plaintiff has received all his mail after it has been found free of contraband.  Robinson Decl., ¶ 12.  No changes were made to the mail policy as a result of the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    February 3, 2021 discovery of Suboxone.  Robinson Decl., ¶ 12.

2        **D.**    **San Mateo County Inmate Grievance Procedure**

3        Any inmate in the San Mateo County Jail system may file a grievance about any condition

4    of confinement over which the San Mateo Sheriff's Office has control, including telephone, mail

5    and visiting procedures.  Dkt. No. 26-3 ("Guiney Decl."), ¶ 4.  The San Mateo County Jail

6    grievance procedure has three levels of review.  At the first level, the inmate may make an

7    informal grievance to the correctional facility's line staff.  If the inmate is dissatisfied by the line

8    staff's response, he may pursue a second level of review by filing a written grievance to be

9    reviewed by the appropriately assigned supervisor.  The supervisor must provide a written

10   response and return the grievance to the inmate.  If the inmate is dissatisfied with the supervisor

11   response, the inmate can appeal his grievance to the third and final level of review by sending a

12   written grievance to the San Mateo County Correction Division's Administrative Lieutenant who

13   forwards the grievance to the appropriate Watch Commander.  The Watch Commander provides

14   the inmate with a written response.  Guiney Decl., ¶ 5.  An inmate must appeal his grievance to the

15   third level of review to complete the San Mateo County Jail's administrative grievance procedure.

16   Guiney Decl., ¶ 5.

17       **E.**    **Plaintiff's Relevant Grievance**

18       Plaintiff has identified Grievance No. 1225908, received by prison authorities on June 6,

19   2021, as the grievance raising the claim in this action.  Dkt. No. 16 at 1, 6-7.  In Grievance No.

20   1225908, Plaintiff complains that the new mail system, which he was forced to accept, was

21   unlawfully put into place and violates 18 U.S.C. § 1341 and Title 15's provisions that there is no

22   limitation on the volume of mail an inmate may send or receive and that inmate correspondence

23   may be read with the approval of a facility manager when there is a valid security reason.  *Id.*

24   The grievance does not specify what the new mail system is, but presumably refers to the policy

25   requiring senders to send mail to a P.O. Box for scanning and delivering the mail to inmates in

26   electronic format.

27       A supervisor level (second level) response was issued that same day, informing Plaintiff

28   that he could continue to send or receive any amount of mail, and that the new mail system was

1  put into place for safety and security reasons, and would remain in place.  *Id.*  Plaintiff did not

2  appeal the second level response.  Dkt. No. 16 at 2.

3       In the operative complaint, Plaintiff acknowledges that he did not complete the grievance

4  process and states that he did not do so because he feared that he would suffer retaliation for

5  exercising his grievance process rights.  Dkt. No. 16 at 2.  However, in his opposition, Plaintiff

6  claims that he appealed his grievance to the third level but never received a response.  Dkt. No. 31

7  at 6; Dkt. No. 32 at 3.

8  **II.**    **Summary Judgment Motion**

9      **A.**     **Summary Judgment Motion Legal Standard**

10       Summary judgment is proper where the pleadings, discovery and affidavits show there is

11  "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

12  law."  *See* Fed. R. Civ. P. 56(a) (2014).  Material facts are those that may affect the outcome of the

13  case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material

14  fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

15  nonmoving party.  *See id.*

16       A court shall grant summary judgment "against a party who fails to make a showing

17  sufficient to establish the existence of an element essential to that party's case, and on which that

18  party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an

19  essential element of the nonmoving party's case necessarily renders all other facts immaterial."

20  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The moving party bears the initial

21  burden of identifying those portions of the record that demonstrate the absence of a genuine issue

22  of material fact.  *Id.*  The burden then shifts to the nonmoving party to "go beyond the pleadings

23  and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

24  file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *See id.* at 324

25  (citing Fed. R. Civ. P. 56(e)).

26       The court's function on a summary judgment motion is not to make credibility

27  determinations or weigh conflicting evidence with respect to a disputed material fact.  *See T.W.*

28  *Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The evidence must

United States District Court
Northern District of California

be viewed in the light most favorable to the nonmoving party, and inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. If the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

### B.   First Amendment Right to Receive Mail

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning *incoming* mail received by prisoners from non-prisoners. *See Thornburgh*, 490 U.S. at 413. The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. *See Witherow*, 52 F.3d at 265-66 (upholding inspection of outgoing mail). An isolated incident of mail censorship or interference due to prison officials' "honest error" does not justify relief under Section 1983. *See Lingo v. Boone*, 402 F. Supp. 768, 773 (N.D. Cal. 1975).

### C.   Discussion

The Court GRANTS defendant San Mateo County's summary judgment motion because it is undisputed that the alleged policy challenged by Plaintiff – prohibiting inmates from receiving handwritten mail – does not exist.

In its summary judgment motion, defendant San Mateo County argues that it is entitled to summary judgment because (1) Plaintiff failed to exhaust administrative remedies for this claim, as required by the Prison Litigation Reform Act ("PLRA"); and (2) there is no *Monell* liability in that Plaintiff has not suffered a constitutional violation because defendant San Mateo County reasonably withheld Plaintiff's mail on February 3, 2021 due to safety and security concerns and because there is no policy preventing Plaintiff from receiving handwritten mail (or any mail) so long as it does not contain contraband. *See generally* Dkt. Nos. 26, 33.

6

United States District Court
Northern District of California

In his opposition,[2] Plaintiff acknowledges that the Manual does not have a policy preventing inmates from receiving handwritten mail. Dkt. No. 31 at 3. However, Plaintiff now specifies that he is challenging his inability to receive handwritten mail in its original form. Dkt. No. 32 at 2. Specifically, Plaintiff challenges the jail policy under which all incoming mail, outside of legal mail and facility-approved newspapers, magazines and books, must be sent to the Smart Communications P.O. Box, where it is scanned and then made available to inmates on a tablet via "Smart Jail Mail." Dkt. No. 32 at 2, Dkt. No. 31-2 at 2. Any mail sent directly to a San Mateo County jail facility, instead of the Smart Communications P.O. Box, is returned to the sender. *Id.* Plaintiff states that he was forced to accept the conditions of the Smart Jail Mail app in order to receive his mail via Smart Jail Mail and that he objects to receiving his mail via a third party on a tablet. Dkt. No. 32 at 2. With respect to the exhaustion argument, Plaintiff states that he appealed the second level denial of his grievance on June 7, 2021, but has never received a response. Dkt. No. 31 at 6; Dkt No. 32 at 3.

The policy challenged in Plaintiff's opposition is distinct from the policy challenged in the operative complaint. The operative complaint alleged that San Mateo County prohibited inmates from receiving handwritten mail, and the Court found that this claim stated a cognizable claim for violation of inmates' First Amendment right to receive mail. *See* Dkt. Nos. 16, 21. The operative complaint did not specify that Plaintiff was challenging a jail policy that prevents inmates from receiving handwritten mail in its original format and instead provides inmates with a scanned copy of the handwritten mail. *See generally* Dkt. No. 16. The claim raised in the opposition is

---

[2] In support of his opposition, Plaintiff has attached a declaration from fellow inmate Anthony Webb in which Mr. Webb alleges that he has been deprived of "community handwritten mail" from his immediate family members, children, friends, and other business sources; deprived of mail from his insurance adjuster life insurance company; deprived of religious materials, including bibles; business resources, including his college courses; and deprived of community vendor services. Dkt. No. 30. Mr. Webb's declaration does not address the key issue – whether defendant San Mateo County has a policy, formal or informal, that completely prevent inmates from receiving handwritten mail. The fact that Mr. Webb did notto receive his mail does not prove that there is an informal policy preventing all inmates from receiving handwritten mail in all formats. To the extent that inmate Webb is alleging that he has been denied his First Amendment right to receive mail, Mr. Webb must bring his own action. Plaintiff lacks standing to bring suit for constitutional violations allegedly suffered by Mr. Webb. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").

United States District Court
Northern District of California

therefore different from the claim raised in the operative complaint and found cognizable by the Court. It is undisputed that inmates housed in San Mateo County correctional facilities are able to receive handwritten mail, albeit in an electronic format. Accordingly, San Mateo County has not violated Plaintiff's First Amendment right to receive mail. Plaintiff's claim fails as a matter of law. Because Plaintiff's claim fails on the merits, the Court declines to address whether Plaintiff has complied with the Prison Litigation Reform Act's exhaustion requirement. The Court GRANTS summary judgment in favor of defendant San Mateo County with respect to the claim that San Mateo County has denied Plaintiff the right to receive mail.

However, because Fed. R. Civ. P. 15(a) provides that leave to amend should be freely given and because amendments pursuant to Rule 15(a) may be made at any stage of the litigation, the Court exercises its discretion and GRANTS Plaintiff leave to amend his complaint to challenge San Mateo County's policy of requiring inmates to receive their handwritten mail in electronic format, if he wishes to pursue this claim. *See Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986) (finding that granting leave to amend after summary judgment is within discretion of district court).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion for summary judgment. Dkt. No. 26. The Court GRANTS Plaintiff leave to amend his complaint to challenge San Mateo County's policy of to receive their handwritten mail in electronic format. If Plaintiff wishes to pursue this claim, within twenty-eight (28) days of the date of this order, Plaintiff shall an amended complaint raising this claim. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-09038 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

1      This order terminates Dkt. No. 26.

2      **IT IS SO ORDERED.**

3  Dated:   6/22/2023

4                                              _____
                                               HAYWOOD S. GILLIAM, JR.
5                                              United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California