UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL E. CHAPMAN,<br>    Plaintiff,<br>v.<br>SAN MATEO COUNTY,<br>    Defendant. | Case No. 21-cv-09038-HSG<br><br>**ORDER GRANTING EXTENSION OF TIME NUNC PRO TUNC; DENYING REQUEST FOR COUNSEL**<br><br>Re: Dkt. Nos. 28, 29 |

Plaintiff, an inmate housed at Maple Correctional Facility in Redwood City, California, has filed this *pro se* action pursuant to 42 U.S.C. § 1983. The Court has granted Defendant's motion for summary judgment and granted Plaintiff leave to file an amended complaint. Dkt. No. 38. This order addresses Plaintiff's request for an extension of time to file his opposition, Dkt. No. 28, and his request for appointment of counsel, Dkt. No. 29.

The Court GRANTS *nunc pro tunc* Plaintiff's request for an extension of time to file his opposition, Dkt. No. 28, and deems Plaintiff's opposition, Dkt. No. 30, timely filed.

Plaintiff has requested appointment of counsel, arguing that counsel is necessary because he is unable to afford counsel; his imprisonment great limits his ability to litigate; the issues involved are complex and will require significant research and investigation; Plaintiff has limited access to the law library and limited knowledge of the law; a trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-examine witnesses; and Plaintiff has made repeated attempted to retain an attorney but has been unsuccessful. Dkt. No. 29. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.*

(citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances. Plaintiff has not demonstrated that he is likely to succeed on the merits, the legal issues involved are not complex, and Plaintiff has thus far ably articulated his claims. Plaintiff's request for appointment of counsel is therefore DENIED. Dkt. No. 29. This denial is without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require, i.e., if this case proceeds to trial.

This order terminates Dkt. Nos. 28, 29.

**IT IS SO ORDERED.**

Dated: 6/26/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge